IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas
04/09/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

MARLEN MADYMAROV,                    )
                                     )
                    Petitioner,      )
                                     )
    v.                               )          Case No. 26-3059-JWL
                                     )
JACOB WELSH, Warden, Chase County    )
    Detention Center;                )
CHRISTOPHER CHAMBERLAIN,             )
    Assistant Director, ICE Field Office; )
TODD M. LYONS, ICE Acting Director;  )
Secretary of Homeland Security; and  )
Attorney General of the United States, )
                                     )
                    Respondents.     )
                                     )
_____)

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing.  For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **April 20, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The Court denies petitioner's requests for other relief.

In 2022, petitioner was inspected and was lawfully paroled into the United States, and he has resided in the United States since then.  On March 16, 2026, petitioner was detained by immigration officials, removal proceedings were subsequently initiated, and

petitioner remains in custody in this judicial district.  On March 23, 2026, petitioner filed the instant habeas action; the Court ordered an expedited response, which respondents have submitted, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.  Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.[1]

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of

---

[1] Petitioner also claims that his detention without consideration of release on bond violates due process.  In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

a bond hearing under Section 1226(a).  *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.).  Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the Court's prior reasoning would also apply here.  Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

In addition, for the reasons stated in *Galdamez Orellana*, *see id.* at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a).  Petitioner argues in the petition that release is most appropriate form of relief, or alternatively that the Court should impose requirements for a bond hearing in immigration court.  Petitioner has not directly addressed the Court's reasoning in *Galdamez Orellana* concerning the appropriate relief, however (despite citing the case in support of his argument on the merits).  Petitioner cites concerns that the immigration court will not properly consider a bond request on the merits, but the Court is not persuaded that a local immigration judge would not conduct a fair bond hearing.

Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **April 20, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**.  Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **April 20, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The Court denies petitioner's requests for other relief.

IT IS SO ORDERED.

Dated this 9th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within a short timeframe as requested by petitioner.  Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits.  Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.